# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TWON WEAVER,<br><br>                                    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>                                    Respondent. | Case No.: 18cv2888 BTM (LL)<br><br>**ORDER:**<br><br>**(1) CONDITIONALLY GRANTING PETITIONER'S REQUEST TO PROCEED IN FORMA PAUPERIS;**<br>**(2) GRANTING REQUEST FOR APPOINTMENT OF COUNSEL;**<br>**(3) APPOINTING COUNSEL PURSUANT TO SELECTION BOARD RECOMMENDATION; AND**<br>**(4) GRANTING TEMPORARY STAY OF EXECUTION**<br><br>**[ECF Nos. 1, 2]** |

      On December 27, 2018, Petitioner La Twon Weaver filed a request for appointment of counsel for his federal habeas proceedings and for a stay of execution of his sentence. (ECF No. 1.) Petitioner also filed an application for leave to proceed in forma pauperis ["IFP"]. (ECF No. 2.) For the reasons discussed below, the Court **CONDITIONALLY GRANTS** the request to proceed IFP pending the submission of a trust account statement, **GRANTS** the request for appointment of counsel, **APPOINTS** counsel pursuant to the recommendation of the Selection Board, and **GRANTS** a temporary stay of execution.

///

///
///
///

**BACKGROUND**

Petitioner was convicted in a San Diego Superior Court bench trial of robbery, burglary, and first degree murder, with the special circumstances of murder in the course of a robbery and murder in the course of a burglary, and was sentenced to death. On April 16, 2012, the California Supreme Court affirmed his convictions and sentence on direct appeal. People v. Weaver, 53 Cal. 4th 1056 (2012). The United States Supreme Court denied the petition for a writ of certiorari on January 7, 2013. Weaver v. California, 568 U.S. 1095 (2013). On November 14, 2018, the California Supreme Court denied his petition for writ of habeas corpus. (See Case No. S193534 at http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, last visited January 10, 2019.)

**REQUEST TO PROCEED IFP**

With respect to the request to proceed in forma pauperis, Petitioner has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs, stating that he is incarcerated at San Quentin State Prison, that his take home pay or wages is $0.00, that he has not received other income in the past 12 months, that he has $0.00 in cash, checking or savings, and has written "Not Applicable" to a question concerning items of value he owns or held in another person's name. (ECF No. 2 at 1-2.) However, Petitioner did not include a trust account statement or certificate from the warden or other institutional officer, which is necessary to his application. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."); see also Calderon v. United States

District Court for the Northern District of California, 98 F.3d 1102, 1107 n.3 (9th Cir. 1996) ("Unlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel."), citing McFarland v. Scott, 512 U.S. 849 (1994). The Court **CONDITIONALLY GRANTS** Petitioner's request to proceed IFP pending the submission of a trust account statement within thirty (30) days of the date of this Order.

**REQUEST FOR APPOINTMENT OF COUNSEL AND STAY OF EXECUTION**

Petitioner states: "I intend to file a petition for writ of habeas corpus in this Court, alleging federal constitutional errors that entitle me to relief from the judgment of conviction and sentence of death. I need the assistance of counsel in preparing and litigating this petition." (ECF No. 1-2 at 2.) Petitioner also states that: "I am indigent and do not have the assets to retain an attorney to represent me in these proceedings." (Id.)

The federal statute that provides for the appointment of counsel in capital habeas proceedings states in relevant part that: "In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)." 18 U.S.C. § 3599(a)(2). This district's local rules concerning capital federal habeas corpus proceedings similiarly provides that: "Each indigent petitioner must be represented by counsel unless petitioner has clearly elected to represent himself and the court is satisfied, after hearing, that petitioner's election is intelligent and voluntary." CivLR HC.3(d)(1). Upon consideration, Petitioner's request for the appointment of counsel appears reasonable and is therefore **GRANTED**.

Petitioner also states that: "The attorneys who represented me in state court proceedings, James Thomson, 732 Addison Street, Suite A, Berkeley, California 94710, and Elisabeth Semel and Ty Alper, Death Penalty Law Clinic, U.C. Berkeley School of

Law, 491 Simon Hall, Berkeley, CA 94720 have advised me that they are available to represent me in these federal habeas corpus proceedings, and I request that Mr. Thomson, Ms. Semel, and Mr. Alper be appointed to represent me." (ECF No. 1-2 at 2.)

While this matter was pending, the Court received a letter from the Selection Board with respect to Petitioner's request for counsel. Based on the Selection Board's recommendation of current appellate counsel for appointment in federal court, including both the Board's statements about counsels' proficiency and familiarity with Petitioner's case history and the statement that counsel are willing to continue their representation of Petitioner, and pursuant to Local Rule, the Court **APPOINTS** Attorneys James Thomson, Elisabeth Semel, and Ty Alper as counsel for Petitioner. See CivLR HC.3(d)(1) ("If state appellate counsel is available to continue representation into federal courts, and is deemed qualified to do so by the selection board, there is a presumption in favor of continued representation except when state appellate counsel was also counsel at trial.") The Clerk of the Court shall file the letter from the Selection Board under seal in the record of this case.

Finally, the Court **GRANTS** a temporary stay of execution for 45 days. See CivLR HC.3(g)(2).

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **CONDITIONALLY GRANTS** Petitioner's request to proceed in forma pauperis pending the submission of a trust account statement within 30 days of the date of this Order.

The Court **GRANTS** Petitioner's request for appointment of counsel. Pursuant to Local Rule HC.3(d)(1) and the recommendation of the Selection Board for the United States District Court, Southern District of California, the Court **APPOINTS** Attorneys James Thomson, Elisabeth Semel, and Ty Alper to represent Petitioner La Twon Weaver in his capital habeas corpus proceedings.

///

///

Pursuant to Local Rule HC.3(g)(2), the Court **GRANTS** a temporary stay of execution and "[t]he temporary stay will remain in effect for forty-five (45) days," up to and including March 18, 2019, "unless extended by the court." Id.

The Clerk of Court will serve a certified copy of this order on Petitioner La Twon Weaver; Attorney James Thomson; Attorney Elisabeth Semel; Attorney Ty Alper; Respondent Ronald Davis, Warden of San Quentin Prison; the Clerk of the San Diego County Superior Court; Xavier Becerra, Attorney General of the State of California; Allison V. Acosta, Deputy Attorney General of the State of California; Office of the District Attorney of San Diego County; Joseph Schlesinger, California Appellate Project; Kathy Nester, Federal Defenders of San Diego, Inc.; and James Fife, Federal Defenders of San Diego, Inc.

**IT IS SO ORDERED.**

Dated: February 5, 2019

_____

**BARRY TED MOSKOWITZ**
United States District Judge