# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TWON WEAVER,<br><br>        Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>        Respondent. | Case No.: 18cv2888 BTM (LL)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING OF THE DEADLINE FOR FILING THE PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 18]** |

On April 24, 2019, Petitioner filed a Motion for Equitable Tolling of the Deadline for Filing the Petition for Writ of Habeas Corpus, accompanied by a Memorandum of Points and Authorities, an Exhibit, and a Declaration of Counsel in Support of the Motion, in which he moves the Court for an order equitably tolling the statute of limitations for the period between the denial of his state habeas petition and the appointment of counsel in this Court for his federal habeas proceedings. (ECF No. 18.) On May 2, 2019, Respondent filed an Opposition to Petitioner's Motion for Equitable Tolling, and on May 13, 2019, Petitioner filed a Reply accompanied by an Exhibit. (ECF Nos. 23, 24.) The Court finds the matters presented suitable for decision without oral argument. For the reasons discussed below, the Court **DENIES** Petitioner's Motion for Equitable Tolling [ECF No. 18] without prejudice.

///

# I. PROCEDURAL HISTORY

In a direct appeal opinion dated April 16, 2012, the California Supreme Court affirmed Petitioner's convictions of first degree murder (California Penal Code § 187(a)) with the special circumstances of murder in the course of a robbery and in the course of a burglary (Cal. Penal Code § 190.2(a)(17)), robbery (Cal. Penal Code § 211), burglary (Cal. Penal Code § 459), affirmed the findings that Petitioner used a firearm in the commission of the offenses (Cal. Penal Code § 12022.5(a)) and inflicted great bodily injury in the commission of the robbery and burglary (Cal. Penal Code § 12022.7(a)), and affirmed Petitioner's death sentence. People v. Weaver, 53 Cal. 4th 1056 (2012). The United States Supreme Court denied the petition for a writ of certiorari on January 7, 2013. Weaver v. California, 568 U.S. 1095 (2013).

Petitioner filed a habeas petition with the California Supreme Court on May 31, 2011, filed a reply to the Respondent's informal response to the petition on June 4, 2013, filed a motion for a stay pending completion of investigation of selective prosecution claims on December 29, 2017, and filed a reply to the Respondent's opposition to the motion for a stay on February 23, 2018. (See Case No. S193534 at http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, last visited May 29, 2019.) On November 14, 2018, the California Supreme Court denied his petition for writ of habeas corpus and denied the motion for stay. (Id.) On November 26, 2018, Petitioner filed an application for leave to file a motion for reconsideration, which was granted on November 27, 2018. (Id.) On November 27, 2018, Petitioner filed a motion for reconsideration of denial of stay and summary denial of habeas corpus petition claims 12, 13 and 14 without allowing the presentation of relevant supporting evidence, and on December 24, 2018, filed an application to supplement his petition. (Id.) On January 2, 2019, the California Supreme Court denied Petitioner's motion and application. (Id.)

On December 27, 2018, Petitioner filed a request for appointment of counsel and for a stay of execution and a motion for leave for proceed in forma pauperis ("IFP") in this Court. (ECF Nos. 1, 2.) On February 5, 2019, the Court conditionally granted Petitioner's

motion to proceed IFP pending the submission of a trust account statement, granted the request for appointment of counsel, appointed counsel pursuant to the recommendation of the Selection Board, and granted a temporary stay of execution. (ECF No. 5.) On April 24, 2019, Petitioner filed the instant Motion for Equitable Tolling. (ECF No. 18.) After submission of Petitioner's trust account statement (see ECF No. 17), the Court revoked the conditional grant of IFP on April 29, 2019, and directed that to avoid dismissal Petitioner must pay the filing fee or qualify to proceed IFP. (See ECF No. 20.) On April 30, 2019, the filing fee was paid. (See ECF No. 22.) On May 2, 2019, Respondent filed an Opposition to Petitioner's Motion for Equitable Tolling, and on May 13, 2019, Petitioner filed a Reply. (ECF Nos. 23, 24.)

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court decided that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland, 560 U.S. at 645. In so concluding, the Supreme Court noted that "[w]e have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649, quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit further instructs that: "Like any equitable consideration, whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'" Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011), quoting Holland, 560 U.S. at 650.

The parties have each separately indicated that the 1-year statute of limitations under section 2244(d) in this case is currently set to expire on November 14, 2019. (See ECF No. 16 at 2; see also ECF No. 21 at 2.) Petitioner presently "moves this Court for an order tolling the AEDPA one-year statute of limitations for filing a federal habeas corpus petition until February 5, 2020, one year from the date this Court appointed counsel to represent him in this proceeding," and again notes that "[t]he present date for the timely filing of petitioner's federal habeas corpus is November 14, 2019." (ECF No. 18-1 at 5.) Petitioner contends that "he diligently sought appointment of counsel," that he "has a right to the assistance of counsel in the preparation of a federal petition," that "[t]he lack of appointed counsel from November 14, 2018 to February 5, 2019, when the AEDPA limitations period was running, is an extraordinary circumstance that prevented petitioner from beginning the preparation of a petition during that time," and that "[b]y tolling the statute of limitations during the time petitioner was without counsel, petitioner would then be given one year to prepare and file a federal habeas corpus petition with the assistance of counsel." (Id.)

Petitioner accurately notes that "[p]ursuant to 18 U.S.C. § 3599(a)(2), an indigent capital habeas petitioner has the right to counsel." (Id. at 9); see 18 U.S.C. § 3599(a)(2) ("In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).") This district's local rules concerning federal capital habeas corpus proceedings contain a similar provision. See CivLR HC.3(d)(1) ("Each indigent petitioner must be represented by counsel unless petitioner has clearly elected to represent himself and the court is satisfied, after hearing, that petitioner's election is intelligent and voluntary. Unless petitioner is represented by retained counsel, counsel must be appointed in every such case at the earliest practicable time.") Moreover, the Supreme Court has stated that "the right to counsel necessarily includes a right for that counsel meaningfully to research and present

a defendant's habeas claims," and that "[b]y providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty." McFarland v. Scott, 512 U.S. 849, 858-59 (1994).

With respect to the first prong of the equitable tolling analysis, Petitioner contends that he "has clearly satisfied the 'reasonable diligence' requirement of *Holland* having first requested counsel the same day the limitation period began to run." (ECF No. 18-1 at 14; see also ECF No. 24 at 10) ("[T]his Court should grant equitable tolling for the time period from November 14, 2018 to February 5, 2019, during which petitioner's motion for appointment of counsel was pending.") In the declaration submitted in support of the motion, counsel states that "[o]n November 14, 2018, the California Supreme Court denied petitioner's petition for writ of habeas corpus," and "[t]hat same day, I contacted the California Appellate Project ('CAP') regarding the denial of the petition and requested the appointment of counsel to represent petitioner in federal court." (ECF No. 18-3 at 2.) Counsel indicates he met with Petitioner at San Quentin on November 20, 2018 "regarding the next steps in his case and to fill out the request for appointment of counsel forms." (Id.) Counsel states he received the signed forms from Petitioner on December 20, 2018, and provided them to CAP that day and that "[t]he delay was due to several incidents at San Quentin that caused petitioner to not be able to contact counsel, none of which involved petitioner." (Id.) As noted above, on December 27, 2018, Petitioner filed a request for appointment of counsel, a stay of execution, and a motion for leave to proceed IFP in this Court. (See ECF Nos. 1, 2.)

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Doe, 661 F.3d at 1012, quoting Holland, 560 U.S. at 653. The Ninth Circuit has further explained that: "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular

circumstances." Id. at 1015. Here, it is evident that Petitioner exercised reasonable diligence in seeking the appointment of counsel with the Court. At the same time, it merits clarification that Petitioner's request for appointment of counsel was pending in this Court between December 27, 2018 and February 5, 2019, and not between November 14, 2018 and February 5, 2019. (See ECF Nos. 1, 5.) At any rate, in view of counsel's declaration outlining his contacts with CAP and Petitioner and indicating that the delays in receipt of the signed forms from Petitioner were due to jail incidents which prevented contact between counsel and Petitioner but did not involve Petitioner, the Court is persuaded Petitioner has established the requisite showing of diligence for the time between the denial of his state habeas petition and the appointment of federal counsel.

In order to establish an entitlement to equitable tolling, Petitioner must also demonstrate "'that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649, quoting Pace, 544 U.S. at 418. As noted above, "whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'" Doe, 661 F.3d at 1011, quoting Holland, 560 U.S. at 650. Petitioner correctly observes that several district courts in California have granted pre-petition equitable tolling, based at least in part on delays in the appointment of federal habeas counsel. See e.g. Tully v. Davis, No. 18-cv-04763-EMC, 2019 WL 1676080, at *3 (N.D. Cal. April 17, 2019) (lack of appointed counsel for 85 days warranted tolling, noting volume of records in case, complex nature of capital habeas litigation, and respondent's waiver of statute of limitations for requested period of tolling); Bunyard v. Davis, No. 2:15-cv-01790 WBS AC DP, 2016 WL 128429, at *5 (E.D. Cal. Jan. 12, 2016) ("[T]he court concludes that the 68-day delay in appointment of counsel in this case, considered in light of the age and complexity of the case (including the fact of the penalty retrial and the size of the record), constitutes an exceptional circumstance outside petitioner's control that prevents him from filing within the one-year period."); Whalen v. Warden, California State Prison at San Quentin, No. 1:14-cv-01865-LJO-SAB, 2015 WL 5359833, at *4-6 (E.D.

Cal. Sept. 14, 2015) ("Petitioner's request for assistance from counsel was delayed the noted 82 days through no fault of his own. For this reason and those discussed below, he was effectively unable to prepare the petition during the period of delay," also citing the need to develop and present additional claims, the fact that the record was incomplete and voluminous, that the issues were complex, and the lack of demonstrated prejudice to the respondent); Hoyos v. Wong, No. 09cv0388 L (NLS), 2010 WL 596443, at *6 (S.D. Cal. Feb. 16, 2010) (217 day delay in appointment of counsel warranted a period of tolling, concluding that "just over six months of equitable tolling will allow counsel an opportunity to complete record review, investigation, a mental health evaluation of Petitioner, and to file the habeas petition."); Jurado v. Wong, No. 08cv1400 JLS (JMA), 2009 WL 3320494, at *7 (S.D. Cal. Oct. 14, 2009) (declining to grant 327 days of tolling for length of delay in appointment of counsel, granting eight months of tolling, citing counsels' stated progress and estimated time needed for record review, investigation, and preparation of petition.)

Upon conducting the requisite "fact-specific inquiry," a comparison of Petitioner's situation to those in which he points out equitable tolling was granted does not compel a conclusion that similar tolling is warranted in this case. While Petitioner was without federally appointed counsel for 83 days, the Court is not persuaded he has shown this will prevent him from timely filing the federal Petition. Counsel states that "[g]iven the nature and complexity of this case" that they "cannot competently prepare a file a federal habeas corpus petition by November 14, 2019, the date the AEDPA statute of limitations would expire if petitioner were not granted the equitable tolling requested in the present motion." (ECF No. 18-3 at 3.) However, rather than presenting specific facts detailing the work currently completed, that yet to be done, and the amount of time needed, the primary facts offered in support of the request for equitable tolling are that "the case is complex and involves a voluminous record." (Id. at 2; see also ECF No. 24 at 7-8) ("[T]o the extent that petitioner is required to make a 'particularized showing' of his inability to complete the petition by the AEDPA deadline, he has done so by citing the size of the record and the complexity of capital habeas corpus litigation. Petitioner cannot provide detail about what

his counsel might discover and develop within the voluminous record because counsel have not yet had time to peruse it.") There indeed appears to be about 13,500 pages of core case materials, including the clerk's transcripts, reporter's transcripts, state appellate briefing and state habeas briefing,[1] and a substantial amount of non-core case materials, totaling approximately 150,000-169,000 pages. (See ECF No. 18-1 at 12-13; ECF No. 18-3 at 2-3.) But the fact remains that federally appointed counsel previously represented Petitioner on both direct appeal and in his state habeas proceedings. (See ECF No. 18-1 at 6-7.) One of Petitioner's current counsel, Mr. Thomson, was the initial counsel appointed to represent Petitioner on direct appeal and state habeas in 1999, while the other two counsel, Ms. Semel and Mr. Alper, have represented Petitioner since 2002 and 2007, respectively. (Id.) Given their prior representation of Petitioner, counsel is presumably at least somewhat familiar with the contents of both the core and non-core case materials, rather than reviewing them for the first time as would counsel new to the case.

Nor is the Court persuaded by Petitioner's citation to and reliance on Tully, a recent decision from another California district court attached as an exhibit to this motion. (See ECF No. 18-1 at 12; ECF No. 18-2.) Tully involved a similar delay in appointment of counsel, 85 days compared to the 83 days at issue here, and in that case, as in the instant one, prior state counsel was appointed to represent the petitioner in federal court. (See ECF No. 18-2 at 2-3.) However, in Tully, Respondent waived the statute of limitations defense and did not oppose the motion for equitable tolling. (See ECF No. 18-2 at 3.) Here, Respondent opposes Petitioner's motion. (See ECF No. 23.) More importantly, the Court is not persuaded by the reasoning in Tully, in which that court stated: "As to

---

[1] The Court notes an apparent discrepancy in the asserted length of the transcripts and briefs that comprise the core record. In the motion, Petitioner asserts that the clerk's and reporter's transcripts are 3,945 pages in length, and the state appellate and habeas briefs are 9,448 pages. (ECF No. 18-1 at 12.) In the declaration of counsel filed in support of the instant motion, counsel indicates that the clerk's and reporter's transcripts are 8,489 pages and the state appellate and habeas materials are 11,345 pages. (ECF No. 18-3 at 2.)

extraordinary circumstances, pursuant to the standards discussed above, the Court finds that Petitioner's lack of federally-appointed counsel from June 20, 2018, through September 13, 2018, was an extraordinary circumstance that prevented him from filing his federal habeas corpus petition during that time," citing the size of the record and complexity of capital habeas proceedings, and stating: "Given these circumstances, it is unlikely that Petitioner, through no fault of his own and despite his reasonable diligence, could have filed his federal habeas corpus petition during the eighty-five days for which he is requesting equitable tolling." Tully, 2019 WL 1676080, at *3.

Clearly established law instructs that a petitioner must demonstrate that the extraordinary circumstances prevented *timely* filing of the petition, not simply that the petitioner could not file during the time period in question. See Holland, 560 U.S. at 649 ("We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."), quoting Pace, 544 U.S. at 418. In Tully, the district court noted that the deadline for filing the petition was June 20, 2019, yet reasoned that equitable tolling was appropriate because the petitioner could not have filed the petition between June 20, 2018 and September 13, 2018, the period when he was without appointed counsel, and accordingly extended the deadline to file the federal petition until September 13, 2019. Tully, 2019 WL 1676080, at *1-3. Even assuming Petitioner was unable to file a federal petition between November 14, 2018 and February 5, 2019, because he was without counsel, it does not necessarily support or lead to a conclusion that Petitioner will be unable to timely file a federal petition on or before November 14, 2019, such that equitable tolling is warranted at this time.

Petitioner notes that "[b]y tolling the statute of limitations during the time petitioner was without counsel, petitioner would then be given one year to prepare and file a federal habeas corpus petition with the assistance of counsel." (ECF No. 18-1 at 5.) But Petitioner fails to demonstrate that he needs a full year post-appointment for the preparation and filing of the federal Petition in his case. See Kayer v. Schriro, No. CV 07-2120-PHX-DGC, 2007

WL 4150213, at *2 (D. Ariz. Nov. 19, 2007) ("The Court declines to find, as a general rule, that an adequate petition requires one year of preparation simply because the AEDPA provides that time period as a statute of limitations."), citing Dennis v. Woodford, 65 F.Supp.2d 1093, 1097 & n.5 (N.D. Cal. 1999); see also Hoyos, 2010 WL 596443, at *6 (declining to grant equitable tolling for entire 217 day delay in appointment of counsel, granting six months of tolling); Jurado, 2009 WL 3320494, at *7 (declining to grant equitable tolling for entirety of 327 day delay in appointment of counsel, instead granting eight months of tolling). While Petitioner has shown reasonable diligence, he fails to demonstrate that the 83 day delay in appointing counsel will prevent him from timely filing the federal Petition by the current deadline, which is currently well over five months away.

Petitioner also states that "[i]f the Court cannot find on this record that petitioner is entitled to equitable tolling, he respectfully requests the opportunity for discovery and fact development, including an evidentiary hearing, regarding his diligence and any delay in the appointment of counsel attributable to the action of the Court's Selection Board." (ECF No. 18-1 at 14, n. 1.) Because the Court concludes Petitioner was diligent in seeking the appointment of counsel and the reason for denying the request for equitable tolling is based on Petitioner's failure to establish that the circumstances presented here constitute extraordinary circumtances that prevent timely filing of the federal Petition, factual development or an evidentiary hearing on the matter of diligence is unnecessary.

### III.  CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Petitioner's Motion for Equitable Tolling [ECF No. 18] without prejudice.

**IT IS SO ORDERED.**

Dated: June 29, 2019

_____
**BARRY TED MOSKOWITZ**
United States District Judge