# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TWON WEAVER,<br>　　　　　　　　Petitioner,<br>v.<br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br>　　　　　　　　Respondent. | Case No.: 18cv2888 BTM (LL)<br><br>**ORDER DEFERRING RULING ON PETITIONER'S RENEWED MOTION FOR EQUITABLE TOLLING OF THE DEADLINE FOR FILING THE PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 34] PENDING FILING OF PROTECTIVE PETITION** |

　　　　Pending before the Court is Petitioner's Renewed Motion for Equitable Tolling of the Deadline for Filing the Petition for Writ of Habeas Corpus. (ECF No. 34.) Respondent opposes the motion. (ECF No. 36.) For the reasons discussed below, the Court **DEFERS** ruling on Petitioner's Renewed Motion for Equitable Tolling [ECF No. 34] pending the filing of an initial or protective petition on or before November 14, 2019 that contains the claims developed and drafted to date and a list of those that remain to be developed and drafted.

///

///

# I. RELEVANT PROCEDURAL HISTORY

On November 14, 2018, the California Supreme Court denied a state petition for writ of habeas corpus and a motion for stay pending completing of investigation. (Lodgment No. 102.) On November 27, 2018, Petitioner filed a motion for reconsideration of denial of stay and summary denial of habeas corpus petition claims 12, 13 and 14 without allowing the presentation of relevant supporting evidence, and on December 24, 2018, filed an application to supplement his petition. (Lodgment Nos. 103, 104.) On January 2, 2019, the California Supreme Court denied the motion and application. (Lodgment No. 105.)

On December 27, 2018, Petitioner filed a request for appointment of counsel in this Court and on February 5, 2019, the Court granted that request and appointed counsel pursuant to the recommendation of the Selection Board. (ECF Nos. 1, 5.) On April 24, 2019, Petitioner filed a Motion for Equitable Tolling. (ECF No. 18.) On May 2, 2019, Respondent filed an Opposition to Petitioner's Motion for Equitable Tolling, and on May 13, 2019, Petitioner filed a Reply. (ECF Nos. 23, 24.) On July 1, 2019, the Court issued an order denying Petitioner's motion for equitable tolling without prejudice. (ECF No. 30.) On October 4, 2019, Petitioner filed a Renewed Motion for Equitable Tolling of the Deadline for Filing the Petition for Writ of Habeas Corpus, accompanied by a Memorandum of Points and Authorities in Support of the Renewed Motion, in which he again moves the Court for an order equitably tolling the statute of limitations for the period between the denial of his state habeas petition and the appointment of counsel in this Court for his federal habeas proceedings. (ECF No. 34.) On October 16, 2019, Respondent filed an Opposition to Petitioner's Renewed Motion for Equitable Tolling, and on October 21, 2019, Petitioner filed a Reply to Opposition to Renewed Motion for Equitable Tolling. (ECF Nos. 36, 38.)

# II. DISCUSSION

In an order filed July 1, 2019, the Court denied without prejudice Petitioner's April 24, 2019 motion for equitable tolling of the statute of limitations for the 83 days between the denial of his state habeas petition and the appointment of counsel in federal court,

concluding that while Petitioner had demonstrated diligence in pursuing his rights, he failed to demonstrate that the circumstances at issue constituted an extraordinary circumstance that would prevent timely filing of his federal petition by the November 14, 2019 deadline. (See ECF No. 30 at 10); see also Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."), quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the first prong of the analysis, this Court concluded that Petitioner had shown diligence, reasoning that "in view of counsel's declaration outlining his contacts with CAP and Petitioner and indicating that the delays in receipt of the signed forms from Petitioner were due to jail incidents which prevented contact between counsel and Petitioner but did not involve Petitioner, the Court is persuaded Petitioner has established the requisite showing of diligence for the time between the denial of his state habeas petition and the appointment of federal counsel." (ECF No. 30 at 6.) The Court found that Petitioner's showing failed on the second prong. (See ECF No. 30 at 6-10.) The Court reasoned that: "Petitioner correctly observes that several district courts in California have granted pre-petition equitable tolling, based at least in part on delays in the appointment of federal habeas counsel," but concluded that: "Upon conducting the requisite 'fact-specific inquiry,' a comparison of Petitioner's situation to those in which he points out equitable tolling was granted does not compel a conclusion that similar tolling is warranted in this case." (ECF No. 30 at 6-77); see Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) ("Like any equitable consideration, whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'"), quoting Holland, 560 U.S. at 650. As stated in the July 1, 2019 order: "While Petitioner was without federally appointed counsel for 83 days, the Court is not persuaded he has shown this will prevent him from timely filing the federal Petition," and "rather than presenting specific facts detailing the work currently completed, that yet to be done, and the amount of time needed, the primary facts offered in

support of the request for equitable tolling are that 'the case is complex and involves a voluminous record.'" (ECF No. 30 at 7.)

Among the arguments and facts presented in support of the instant renewed motion, Petitioner now provides some further details about the estimated percentage of record review and drafting completed to date, that yet to be done, and asserts that "petitioner cannot, even with reasonable diligence, complete the petition by the current deadline absent a grant of equitable tolling." (ECF No. 34-1 at 6.) Petitioner presently indicates that: "To date, counsel have completed approximately 35% to 40% of that record review," states that they continue to confer with Petitioner, each other, and service providers, estimates that they "have completed approximately 50% to 55% of the necessary research and writing" and that "[i]n total, counsel believe that they are approximately half-way done in completing the petition and exhibits." (Id. at 5-6.) Petitioner also addresses the Court's observation that current counsel represented him in state post-conviction proceedings and that "[g]iven their prior representation of Petitioner, counsel is presumably at least somewhat familiar with the contents of both the core and non-core case materials, rather than reviewing them for the first time as would counsel new to the case." (ECF No. 30 at 8.) Petitioner asserts that "[s]ignificant work remains regardless of these facts," points out that the final substantive pleadings on direct appeal and state habeas were filed in 2010 and 2013, respectively, that "it has been many years since counsel has reviewed the 'core and non-core case materials' as to the vast majority of petitioner's claims," and contends that "regardless of counsel's familiarity with the record, due diligence requires counsel to review the full record anew all the same." (ECF No. 34-1 at 6.)

However, the Court continues to have reservations about this matter. This includes, but is not limited to, Petitioner's apparent presumptions that equitable tolling is warranted for any amount of time between the conclusion of state proceedings and federal appointment of counsel and that there is an entitlement under AEDPA to one-year after appointment of counsel to file a federal capital habeas petition. Petitioner asserts in the instant renewed motion, as he similarly argued in the prior motion, that "[b]y tolling the

4

statute of limitations during the time petitioner was without counsel, petitioner would then be given one year to prepare and file a federal habeas corpus petition with the assistance of counsel as contemplated by AEDPA." (ECF No. 34-1 at 4); (see also ECF No. 18-1 at 5) ("By tolling the statute of limitations during the time petitioner was without counsel, petitioner would then be given one year to prepare and file a federal habeas corpus petition with the assistance of counsel.") As discussed in the July 1, 2019 order, the Court previously cited approvingly another district court decision specifically declining to endorse a similar conclusion. (See ECF No. 30 at 9-10, citing Kayer v. Schriro, No. CV 07-2120-PHX-DGC, 2007 WL 4150213, at *2 (D. Ariz. Nov. 19, 2007) ("The Court declines to find, as a general rule, that an adequate petition requires one year of preparation simply because the AEDPA provides that time period as a statute of limitations."), and Dennis v. Woodford, 65 F.Supp.2d 1093, 1097 & n.5 (N.D. Cal. 1999).)

Nor is the Court persuaded that the July 1, 2019 decision is "inconsistent with Ninth Circuit law." (See ECF No. 34-1 at 9-11, citing Socop-Gonzalez v. I.N.S., 272 F.3d 1176 (9th Cir. 2001) (en banc).) "Socop-Gonzalez rejected the approach to equitable tolling wherein courts consider whether a claimant should have been expected to file his lawsuit within the amount of time left in the statute of limitations, after an extraordinary circumstance barring filing was lifted," and stated that "[i]nstead, 'the event that "tolls" the statute simply *stops the clock* until the occurrence of a later event that permits the statute to resume running.'" Gibbs v. Legrand, 767 F.3d 879, 892 (9th Cir. 2014), quoting Socop-Gonzalez, 272 F.3d at 1195. Petitioner's argument presumes that delay in appointment of counsel is an extraordinary circumstance that "stops the clock" pursuant to Socop-Gonzalez. Yet, as plainly stated in the July 1, 2019 order, this Court declined to find at that time that Petitioner had established the delay in appointment of counsel amounted to an extraordinary circumstance which prevented the timely filing of his petition. (See ECF No. 30 at 10.) Unlike in Socop-Gonzalez, where the Ninth Circuit found the event in question tolled the statute, this Court specifically refrained from reaching such a conclusion in the July 1, 2019 order. (See id.) (finding evidentiary development or hearing on

5

diligence unnecessary because denial of motion was based on Petitioner's failure to establish that instant circumstances constituted extraordinary circumstances preventing timely filing of federal habeas petition, not on any lack of diligence).

While the Court acknowledges that this district and other districts have on more than one occasion granted equitable tolling for delays in appointment of counsel, it is far from a foregone conclusion that equitable tolling is inevitably warranted for any interval between the filing of a request for appointment of counsel and appointment of federal counsel, or between the conclusion of state proceedings and the appointment of federal counsel,[1] without a showing that it constituted an extraordinary circumstance that prevented timely filing. Moreover, while Petitioner continues to cite to, and rely upon, another district court decision that presents a superficially similar situation involving a comparable length of time elapsed prior to appointment of federal counsel, as the Court explained in the July 1, 2019 order, the factual circumstances in Tully are distinguishable from those presented here and in any event the Court "is not persuaded by the reasoning in Tully." (ECF No. 30 at 8.) Of particular importance to this Court's continued concern is the fact that in Tully, Respondent waived the statute of limitations defense and did not oppose the motion for equitable tolling. (See ECF No. 18-2 at 3.) Again, in the instant case, Respondent opposed the initial request for equitable tolling and opposes the instant renewed motion.

---

[1] To this point, the Court finds it again merits clarification, as indicated in the July 1, 2019 order, that contrary to Petitioner's repeated contention otherwise, Petitioner's request for appointment of counsel was pending in this Court between December 27, 2018 and February 5, 2019, and not between November 14, 2018 and February 5, 2019. (See ECF Nos. 1, 5); (contrast with ECF No. 24 at 10) ("[T]his Court should grant equitable tolling for the time period from November 14, 2018 to February 5, 2019, during which petitioner's motion for appointment of counsel was pending."); (see also ECF No. 38 at 20) ("[T]his Court should grant equitable tolling for the time period from November 14, 2018 to February 5, 2019, during which petitioner's motion for appointment of counsel was pending.")

That said, while recognizing that delays in appointment of counsel may serve to obstruct timely preparation and filing of a federal capital habeas petition, the Court remains unpersuaded that a grant of equitable tolling is necessary or warranted at the present time. Instead, the Court will defer ruling on this matter until after the filing of an initial or protective petition on or before November 14, 2019, to contain the claims developed and drafted to date and a list of those that remain to be developed and drafted. Once that is filed, the Court will be in a better position to assess this matter. If the Court granted equitable tolling now over the Respondent's objection and no petition was filed by November 14, 2019 and the Ninth Circuit reversed, the Petitioner may well have his federal claims barred as untimely. In the absence of controlling Ninth Circuit precedent, counsel should not be gambling with the timeliness of his client's claims.

### III. CONCLUSION AND ORDER

For the reasons discussed above, the Court **DEFERS** ruling on Petitioner's Renewed Motion for Equitable Tolling [ECF No. 34], until after the filing of an initial or protective petition on or before November 14, 2019. The Petitioner can then explain why the delay necessarily attendant in the appointment of counsel process should result in equitable tolling.

**IT IS SO ORDERED.**

Dated: November 4, 2019

_____
**BARRY TED MOSKOWITZ**
United States District Judge