# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TWON WEAVER,<br><br>                 Petitioner,<br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>                 Respondent. | Case No.: 18cv2888 BTM (LL)<br><br>**ORDER:**<br><br>**(1) GRANTING RENEWED MOTION FOR EQUITABLE TOLLING [ECF NO. 34];**<br><br>**(2) DENYING MOTION TO HOLD FEDERAL HABEAS PROCEEDINGS IN ABEYANCE WITHOUT PREJUDICE [ECF NO. 45]; AND**<br><br>**(3) SETTING DEADLINES** |

      Pending before the Court are Petitioner's Renewed Motion for Equitable Tolling of the Deadline for filing the Petition for Writ of Habeas Corpus and Petitioner's Motion to Hold Federal Habeas Proceedings in Abeyance While the State Exhaustion Petitions are Pending. (ECF Nos. 34, 45.)

      For the reasons discussed below, the Court **GRANTS** Petitioner's renewed motion for equitable tolling [ECF No. 34], **DENIES** without prejudice the motion to hold federal proceedings in abeyance [ECF No. 45] and **SETS** deadlines as outlined below.

1

# RENEWED MOTION FOR EQUITABLE TOLLING

In an order dated November 4, 2019, the Court deferred ruling on the renewed motion for equitable tolling pending the filing of an initial or protective petition on or before November 14, 2019. (See ECF No. 40.) On November 5, 2019, Petitioner filed a petition as directed, and on November 6, 2019, Petitioner filed a Notice Regarding Order Deferring Ruling on Petitioner's Renewed Motion for Equitable Tolling. (ECF Nos. 41, 42.) On November 7, 2019, Respondent filed a Response in opposition and on November 8, 2019, Petitioner filed a Reply. (ECF Nos. 47, 48.) In the Notice, "petitioner sets forth the tasks that he was unable to fully accomplish prior to filing the petition," including "[t]horoughly review trial counsel files," "[t]horoughly review each of the 339 exhibits to the first state habeas petition," "[c]onfer with expert witnesses, except for the experts pertaining to the selective prosecution claims (Claims 1, 2, and 3) in the federal petition, to determine whether developments in their fields require additional testing or assessment or may provide the basis for additional federal constitutional claims," and "[e]nsure that the arguments in the automatic appeal and claims in state habeas petitions were merged in a coherent order, and that redundant facts and arguments were eliminated." (ECF No. 42 at 2.) In response to the Court's request for a list of claims yet to be developed and drafted (see ECF No. 40 at 7), Petitioner states that "counsel cannot alert the Court to claims of which they are unaware because counsel have not completed the four tasks listed above," and that "[t]he period of 'the delay necessarily attendant in the appointment of counsel process' would allow for the completion of these four tasks.'" (Id.)

As the Court previously noted, "the Supreme Court has stated that 'the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims,' and that '[b]y providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty.' McFarland v. Scott, 512 U.S. 849, 858-59 (1994)." (ECF No. 30 at 4-5.) Mindful of this right and in view of the

remaining tasks outlined in Petitioner's renewed motion and more recently-filed notice, particularly counsel's statements that they have not completed review of trial counsel files or the exhibits filed with the prior state petition, coupled with the Court's cursory review of the petition now on file without exhibits, it appears evident that the delay in appointment of counsel prevented Petitioner from completing tasks necessary for filing a fully-developed federal petition within the statutory deadline. (See e.g. ECF No. 34-1 at 8) ("[I]f equitable tolling is not granted, petitioner will not be able to complete the petition.") Respondent continues to oppose the motion for equitable tolling, asserts that the listed tasks "must be done in every capital federal habeas case and are not sufficient to show that 'extraordinary circumstances' prevent timely filing of the petition," and argues that "these claims assert nothing more than that counsel has continued to work diligently on the petition but has not finished it." (ECF No. 47 at 2.) Respondent does not appear to claim prejudice would result from a short grant of equitable tolling.

Based on the facts and arguments presented and the initial or protective petition now on file, the Court is persuaded that equity favors granting Petitioner the opportunity to complete record review, investigation and development of his habeas claims and that it is apparent the delay in appointment of counsel obstructed Petitioner's ability to file a fully-developed federal petition within the statutory deadline. See Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) ("Like any equitable consideration, whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'"), quoting Holland v. Florida, 560 U.S. 631, 650 (2010). The Court also finds no basis to conclude that a grant of equitable tolling would result in prejudice to Respondent, and again, Respondent does not appear to make any such assertion. Accordingly, the Court **GRANTS** Petitioner's renewed motion for equitable tolling from the period between the denial of his state habeas petition and the appointment of counsel in federal court.

///

///

## MOTION TO HOLD FEDERAL PROCEEDINGS IN ABEYANCE

On November 6, 2019, Petitioner filed a Motion to Hold Federal Habeas Proceedings in Abeyance While the State Exhaustion Petitions are Pending. (ECF No. 45.) However, in view of the Court's decision to grant equitable tolling in order to allow Petitioner to complete record review and file a fully-developed federal petition including exhibits, as well as recognizing the possibility that additional unexhausted claims could be developed as a result, the instant motion appears premature at this time. In the motion, Petitioner indicated he "has no objection to this Court deferring its ruling on the motion for stay until the parties have met and conferred regarding exhaustion," citing another district court decision denying a motion for stay without prejudice to renewal after the parties met and conferred on exhaustion. (<u>See</u> ECF Nos. 45-1 at 18, 45-5.) Accordingly, the Court **DENIES** the motion to hold federal proceedings in abeyance **WITHOUT PREJUDICE** to renewal after the parties meet, confer and attempt to reach agreement on the exhaustion status of the claims in the petition to be filed on or before February 5, 2020, as set forth below.

## CONCLUSION AND ORDER

The Court **GRANTS** the renewed motion for equitable tolling [ECF No. 34] for the period between the denial of the state habeas petition, November 14, 2018, and the appointment of federal habeas counsel, February 5, 2019, and a federal habeas petition filed on or before **February 5, 2020** will be considered timely. The Court **DENIES** the motion for stay and abeyance [ECF No. 45] **WITHOUT PREJUDICE** to renewal.

After that petition is filed, the parties are directed to meet, confer, and attempt to reach agreement as to the exhaustion status of the claims in the petition. The parties will file a joint statement on or before **February 26, 2020**, outlining and setting forth the areas of agreement and/or disagreement on the exhaustion matter. If the parties at a minimum agree that the petition contains both exhausted and unexhausted claims, Petitioner may file a renewed motion or request for stay within 21 days of the deadline for filing the joint statement, on or before **March 18, 2020**. If Petitioner files a request for stay and abeyance,

Respondent may file a response/opposition within 14 days of the deadline for that filing, on or before **April 1, 2020**, and Petitioner may file a reply within 7 days of the deadline for the response/opposition, on or before **April 8, 2020**. Unless the Court orders otherwise, these matters will be decided on the joint statement and pleadings. If the parties are unable to reach agreement to the extent discussed in this Order, the Court will issue a further scheduling Order as necessary.

**IT IS SO ORDERED.**

Dated: December 3, 2019

_____
**BARRY TED MOSKOWITZ**
United States District Judge